DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
WILLIAM S. HABDAS, ESQ.
Nevada Bar No. 13138
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone:   (702) 634-5000
Facsimile:     (702) 380-8572
Email: darren.brenner@akerman.com
Email: william.habdas@akerman.com

*Attorneys for Defendant, Property and Casualty Insurance Company of Hartford*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD HARDMAN, an individual<br><br>                                   Plaintiff,<br><br>v.<br><br>PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD, aka THE HARTFORD, a foreign corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>                                   Defendants. | Case No.: 2:14-cv-02168-JAD-NJK<br><br>**STIPULATION TO TAKE DEPOSITION OF PLAINTIFF OUTSIDE OF THE DISCOVERY DEADLINES**<br><br>(**First Request**) |

Defendant Property and Casualty Insurance Company of Hartford aka The Hartford (**Hartford or Defendant**) and Plaintiff Richard Hardman (**Plaintiff**) respectfully submit the following stipulation requesting to take Plaintiff's deposition outside of the discovery deadline. This is the parties first request to take a deposition outside of the discovery deadline.

**I.    INTRODUCTION.**

This lawsuit arises out of a personal automobile insurance policy. Plaintiff Richard Hardman alleges that he was injured during a motor vehicle accident when a third party driver struck his vehicle. Plaintiff alleges that he was an occupant of a vehicle insured by Hartford at the time of the accident, and is entitled to underinsured motorist benefits under the policy. When a dispute arose over Plaintiff's entitlement to benefits under the policy, Plaintiff filed suit alleging breach of contract and bad faith, among other extra contractual claims.

{35352078;1}

On December 19, 2014, Hartford removed this matter to federal court. [ECF No. 1]. On March 24, 2015 Plaintiff filed an Amended Complaint. [ECF No. 16]. On April 8, 2015, Hartford filed an Answer to the First Amended Complaint. [ECF No. 17]. On April 16, 2015, the court entered a Scheduling Order stating that the Discovery Cutoff was July 27, 2015. [ECF No. 20]. Hartford was compliant with this Scheduling Order.

## II. STATEMENT SPECIFYING THE DISCOVERY COMPLETED.

On April 16, 2015, the court entered a Scheduling Order and set the following deadlines:

(a) Discovery Cut Off: July 27, 2015

(b) Deadline to File Motions or Amend Pleadings: April 28, 2015

(c) Initial Expert Disclosures Deadline: May 28, 2015

(d) Rebuttal Expert Disclosures Deadline: June 26, 2015

(e) Dispositive Motion Deadline: August 26, 2015

The following discovery has been completed:

1. Hartford served its First Set of Interrogatories to Plaintiff on May 13, 2015.

2. Hartford served its First Set of Request for Production of Documents to Plaintiff on May 13, 2015.

3. Hartford served its Initial Disclosure of Documents and Witnesses on May 18, 2015.

4. Plaintiff served its Initial Disclosure of Documents and Witnesses on May 21, 2015.

5. Hartford served its Initial Expert Disclosure on May 28, 2015.

6. Plaintiff served its Request for Interrogatories to Hartford on June 23, 2015.

7. Plaintiff served its Request for Production of Documents to Hartford on June 23, 2015.

8. Plaintiff served its Request for Admissions to Hartford on June 23, 2015.

9. Plaintiff served its Response to Hartford's First Set of Interrogatories on June 29, 2015.

10. Plaintiff served its Response to Hartford's First Set of Request for Production of Documents on June 29, 2015.

1    11.    Plaintiff served its First Supplement to Initial Disclosures on June 30, 2015.

2    12.    Hartford served its Notice of Deposition to Plaintiff on July 8, 2015.

3    13.    Hartford served its First Supplement to Initial Disclosures on August 4, 2015.

4    14.    Hartford served its Amended Notice of Deposition of Plaintiff on August 5, 2015.

**II.    SPECIFIC DESCRIPTION OF THE DISCOVERY THAT REMAINS TO BE COMPLETED.**

1.    Hartford served a notice to take Plaintiff's deposition on July 8, 2015.

2.    Plaintiff's deposition was scheduled for July 27, 2015 in Las Vegas, Nevada.

3.    Plaintiff's deposition is currently scheduled for September 11, 2015 in Florida.

**III.    REASON WHY EXTENSION IS REQUIRED.**

Discovery closed on July 27, 2015. [ECF No. 20]. The parties have participated in discovery in good faith, but have been unable to complete Plaintiff's deposition. A few days prior to Plaintiff's deposition, Plaintiff's counsel informed Hartford that an accommodation needs to be made for Plaintiff's location, age, and health. Upon representation of Plaintiff's counsel, Plaintiff is unable to travel outside his home state of Florida for the deposition on July 27, 2015 due to his age and other personal issues. Hartford found out on short notice that the Plaintiff was unable to attend the Las Vegas deposition which left virtually no time to reschedule an out of state deposition by discovery cut off. The parties are requesting an extension in order to complete Plaintiffs deposition on September 11, 2015 in Florida. Additionally, plaintiff provided defendant with an extension to answer written discovery until August 10, 2015.

Although the request to take the deposition outside of discovery is being requested after the deadline has passed, the fact that neither party realized the extent of plaintiff's requirements demonstrates excusable neglect.

…

…

…

…

…

…

{35352078;1}    3

## IV. CONCLUSION

The parties believe that allowing Hartford to take Plaintiff's deposition outside of discovery is appropriate and necessary given the circumstances. Additionally, the parties further agree to an extension of the deadline to file Dispositive Motions. [ECF No. 20]. The parties are requesting a Dispositive Motion deadline of **October 11, 2015**. Good cause exists for extending this deadline, as the current dispositive motion deadline would occur prior to the plaintiff's deposition.

DATED this 6th day of August, 2015.                    DATED this 6th day of August, 2015.

| **AKERMAN LLP** | **BOWEN LAW OFFICES** |
|---|---|
| /s/ *William S. Habdas* | /s/ *Sarah M. Banda* |
| DARREN BRENNER, ESQ. | Jerome R. Bowen, Esq. |
| Nevada Bar No. 8276 | Nevada Bar No. 4540 |
| WILLIAM S. HABDAS, ESQ. | Sarah M. Banda, Esq. |
| Nevada Bar No. 13138 | Nevada Bar No. 11909 |
| 1160 Town Center Drive, Suite 330 | 9960 W. Cheyenne Ave., Suite 250 |
| Las Vegas, Nevada 89144 | Las Vegas, NV 89129 |
| *Attorneys for Defendant, Property & Casualty Insurance Company of Hartford* | *Attorneys for Plaintiff Richard Hardman* |

**ORDER**

**IT IS SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** August 7, 2015

{35352078;1}                                    4